```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMES BARNES, | 1:21-cv-12942 (NLH) (AMD) |
| Plaintiff, | **MEMORANDUM OPINION & ORDER APPOINTING COUNSEL UNDER 28 U.S.C. § 1915** |
| v. | |
| CHARLES WARREN, et al., | |
| Defendants. | |

**APPEARANCES**:

James Barnes
88173
Cumberland County Jail
54 W. Broad St.
Bridgeton, NJ 08302

    Plaintiff pro se

**HILLMAN, District Judge**

    WHEREAS, Plaintiff James Barnes filed this complaint under 42 U.S.C. § 1983 on June 24, 2021, ECF No. 1; and

    WHEREAS, the Court granted Plaintiff's in forma pauperis application and permitted the complaint to proceed, ECF Nos. 16 & 20; and

    WHEREAS, summonses have been issued and the docket indicates Defendants' answers are due October 6, 2021. ECF No. 38. Defendants have not yet entered an appearance; and

    WHEREAS, in the time since the Court permitted the complaint to proceed, the Court has received approximately 17

letters from Plaintiff raising concerns about the Cumberland County Jail's general sanitary conditions, denial of medical care, and testing procedures for COVID-19; and

WHEREAS, the Court takes judicial notice that the claims raised in the complaint itself and in Plaintiff's subsequent letters are related to the claims presently proceeding before the Court in class action Brown v. Warden, 20-7907, wherein the class is represented by counsel; and

WHEREAS, the parties entered into a consent decree and the Court appointed a special master in the class action to issue a report "containing findings and recommendations . . . regarding the adequacy of COVID-19 protections and procedures at the Cumberland County Jail." Brown, No. 20-7907 (D.N.J. May 13, 2021) (ECF No. 126 at 4-5); and

WHEREAS, the Court has made certain findings since the entering of the consent decree concerning the responsiveness, or lack thereof, of the Cumberland County Jail administration to the issues raised by the class and the Court's orders; and

WHEREAS, the in forma pauperis statute permits a court to sua sponte "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); and

WHEREAS, the Court considers the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) in making this determination; and

WHEREAS, the Court concludes that the Tabron factors weigh in favor of appointing counsel to represent Plaintiff in this action due to the complexity of the case, discovery challenges, probable need for expert testimony, and Plaintiff's inability to afford counsel on his own,

THEREFORE, IT IS on this __29th__ day of _September_, 2021

ORDERED that the Clerk shall select an attorney from the civil pro bono panel; and it is further

ORDERED that the selected appointed attorney from the civil pro bono panel shall enter a notice of appearance within fourteen (14) days of the date of his or her appointment; and it is further

ORDERED that this Order shall have no effect on the time for Defendants to answer the complaint under Federal Rule of Civil Procedure 12; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Plaintiff by regular mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.